

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00498-CV

**IN THE INTEREST OF R.J.G.**, R.J.G., D.G.M., Children

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2020FLD000020D4
Honorable Selina Nava Mireles, Judge Presiding[1]

Opinion by:     Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: April 20, 2022

AFFIRMED

S.G. appeals the trial court's order terminating her parental rights to her children R.J.G.,

R.J.G., and D.G.M.[2] S.G. argues the evidence is legally and factually insufficient to support the

trial court's findings under Texas Family Code section 161.001(b)(1)(O). We affirm the trial

court's order.

### BACKGROUND

On January 6, 2020, the Texas Department of Family and Protective Services obtained

temporary managing conservatorship over the children, placed them in foster care, and filed a

---

[1] The Honorable Selina Nava Mireles presided over the trial in this case and orally rendered the judgment of termination. The Honorable Oscar J. Hale signed the written order of termination.
[2] To protect the privacy of the minor children, we use initials to refer to the children and their biological parents. TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

petition to terminate S.G.'s parental rights. The Department also created a family service plan requiring S.G. to, inter alia, undergo counseling and complete parenting, substance abuse, and domestic violence classes. The Department ultimately pursued termination of S.G.'s parental rights.

In June and August of 2021, the trial court held a two-day bench trial at which S.G. appeared. The trial court heard testimony from two witnesses: (1) the Department's caseworker; and (2) S.G. At the conclusion of trial, the court signed an order terminating S.G.'s parental rights pursuant to section 161.001(b)(1)(O) and its finding that termination of S.G.'s parental rights was in the best interests of the children. S.G. appealed.

## ANALYSIS

S.G. challenges only the legal and factual sufficiency of the evidence supporting the trial court's findings under section 161.001(b)(1)(O).

### *Standard of Review*

The involuntary termination of a natural parent's rights implicates fundamental constitutional rights and "divests the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit from the parent." *In re S.J.R.-Z.*, 537 S.W.3d 677, 683 (Tex. App.—San Antonio 2017, pet. denied) (internal quotation marks omitted). "As a result, appellate courts must strictly scrutinize involuntary termination proceedings in favor of the parent." *Id.* The Department had the burden to prove, by clear and convincing evidence, both that a statutory ground existed to terminate S.G.'s parental rights and that termination was in the best interests of the children. TEX. FAM. CODE ANN. § 161.206; *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to

the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007; *In re S.J.R.-Z.*, 537 S.W.3d at 683.

When reviewing the sufficiency of the evidence supporting a trial court's order of termination, we apply well-established standards of review. *See In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). In reviewing the legal sufficiency of the evidence to support the trial court's findings, we look "at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). In reviewing the factual sufficiency of the evidence, we consider disputed or conflicting evidence. *Id*. at 345. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* (quoting *In re J.F.C.*, 96 S.W.3d at 266). The factfinder is the sole judge of the weight and credibility of the evidence. *Id.* at 346.

### *Applicable Law*

To terminate a parent's parental rights under section 161.001(b)(1)(O), the trial court must find, by clear and convincing evidence, that the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department [] for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child." TEX. FAM. CODE § 161.001(b)(1)(O).

"Texas courts have held that substantial compliance is not enough to avoid a termination finding under section 161.001(O)." *In re C.A.*, No. 04-15-00582-CV, 2016 WL 805550, at *5 (Tex. App.—San Antonio Mar. 2, 2016, pet. denied) (mem. op.) (internal quotation marks omitted). However, "[a] court may not order termination under Subsection (b)(1)(O) based on the failure by

the parent to comply with a specific provision of a court order if a parent proves by a preponderance of evidence that: (1) the parent was unable to comply with specific provisions of the court order; and (2) the parent made a good faith effort to comply with the order and the failure to comply with the order is not attributable to any fault of the parent." TEX. FAM. CODE ANN. § 161.001(d).

### *Application*

On appeal, S.G. does not dispute: (1) her children were in the temporary managing conservatorship of the Department for at least nine months; (2) the children were removed from S.G. "under Chapter 262 for the abuse or neglect of the" children; (3) the Department created a service plan for S.G. and the trial court made that service plan into a court order; or (4) S.G. failed to comply with the service plan. *See* TEX. FAM. CODE § 161.001(b)(1)(O). Instead, S.G. argues that she substantially complied with the service plan and that she made a good faith effort to comply and any failure to comply was not attributable to any fault of her own. The Department responds that S.G. did not plead or prove an affirmative defense to a subsection (O) finding. *See* TEX. FAM. CODE § 161.001(d).

The record shows S.G. completed the domestic violence classes that were required by her service plan with an entity called Grupo Amor. Both the Department's caseworker and S.G. testified that S.G. met with a Ms. Beltran from Grupo Amor "who addressed the domestic violence with her." However, the Department's caseworker testified that S.G. "did not complete her individual therapy and she did not complete parenting classes and substance abuse classes." The caseworker also testified that she believed S.G.'s own actions led to her failure to complete services.

S.G. argues she was not able to complete her parenting and substance abuse classes or her individual counseling because her original counselor, Daniel Brown, discharged her before she

completed those services. She contends "it was Mr. Brown who decided to terminate the counseling and the classes, not" S.G. While the record shows Brown discharged S.G. before she completed her services, it also shows he did so because he believed "he was not seeing a change in" her and because he had received reports that she continued to associate with J.M., the father of one of the children, who had abused her.[3] *See In re B.H.R.*, 535 S.W.3d 114, 121–22 (Tex. App.— Texarkana 2017, no pet.) (considering parent's unsuccessful discharge from counseling in subsection (O) analysis).

The caseworker testified that after Brown discharged S.G., the caseworker referred her to other providers to complete her individual counseling, parenting classes, and substance abuse classes. The caseworker stated that she asked S.G. "to go to SCAN so she could initiate services" for her required substance abuse classes "in March [of 2021], and I asked her last week [i.e., in late July of 2021], I believe, and she said she had not received the phone call back from them." The caseworker also testified that Beltran referred S.G. to another therapist, Maria Teresa Valencia, but S.G. only went to one session with Valencia. When the caseworker was asked whether S.G. had received individual counseling, parenting classes, or substance abuse classes from any other providers, the caseworker testified, "She has not reported any of that to me."

S.G. testified that she "was attending multiple different kind[s] of classes with Ms. Beltran." She stated that Beltran taught her "anger management, substance abuse, domestic violence . . . how to feed the family, and how to be a single mother." S.G. testified that Beltran "said that I did finish my classes with her," but that she had not "seen a certificate" to that effect. S.G. conceded, however, that she was not attending counseling at the time of trial. She testified this was because she had transitioned to a new 9:00 a.m. to 6:00 p.m. work schedule that did not

---

[3] S.G. reported to the Department's caseworker, and the Department's caseworker testified, that S.G. and J.M. were involved in two domestic violence incidents during this case. The caseworker reported those incidents to Brown.

provide sufficient break time for her to attend her counseling sessions. But she also testified that when she was on her previous 8:00 a.m. to 5:00 p.m. work schedule, she had been able to "attend the [counseling sessions] that were at 8:00 p.m. or 7:00 p.m." She did not specifically explain why these later sessions would not work for her new schedule.[4] Additionally, S.G. testified that she started her new work schedule "yesterday" but that the last time she attended counseling "was probably a month ago[.]"

The record shows S.G. loves her children; she completed at least one requirement of her service plan; and she made attempts to complete other requirements. Nevertheless, "substantial compliance with a family service plan is not the same as complete compliance." *In re J.M.S.*, No. 04-18-00608-CV, 2019 WL 574862, at *3 (Tex. App.—San Antonio Feb. 13, 2019, no pet.) (mem. op.). Furthermore, subsection (O) "does not quantify any particular number of provisions of the family service plan that a parent must not achieve in order for the parental rights to be terminated or the degree of a parent's conduct that will be deemed to be a failure to achieve a particular requirement of the plan." *In re B.H.R.*, 535 S.W.3d at 122. After reviewing the evidence under the appropriate standards of review, we conclude that a factfinder could reasonably have formed a firm belief or conviction that S.G. failed to comply with all the terms of her court-ordered service plan. *See In re J.M.S.*, 2019 WL 574862, at *3–4; *In re A.C.H.*, No. 04-17-00746-CV, 2018 WL 1935505, at *4 (Tex. App.—San Antonio Apr. 25, 2018, no pet.) (mem. op.).

Furthermore, the Department and S.G. presented conflicting evidence about whether S.G. was unable to comply with specific provisions of her service plan and whether her failure to comply was attributable to her own fault. *See* TEX. FAM. CODE § 161.001(d). The trial court, as factfinder, had the sole authority to resolve credibility issues and conflicts in the evidence. *In re*

---

[4] S.G. testified that she also worked a second job from 11:00 p.m. to 7:00 a.m., but she did not testify that this job prevented her from attending counseling sessions.

*M.C.L.*, No. 04-21-00276-CV, 2022 WL 218998, at \*4 (Tex. App.—San Antonio Jan. 26, 2022, no pet.) (mem. op.). We therefore conclude the court could have reasonably determined that S.G. did not prove by a preponderance of the evidence that she was unable to comply with the service plan or that any failure to comply was not attributable to any fault of S.G. *See id.*

For these reasons, we hold that legally and factually sufficient evidence supports the trial court's finding that S.G. violated section 161.001(b)(1)(O). We therefore overrule S.G.'s sole issue.

## CONCLUSION

We affirm the trial court's order of termination.

Beth Watkins, Justice